## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

**CATHERINE MENDENHALL ARMS**

        Plaintiff,

VS.        2010 MAY 24 P 1:26  NO: 2-253-10

        CATHERINE F. QUIST

**STONEBRIDGE LIFE INSURANCE COMPANY**  CIRCUIT CLERK
**(Successor to JC Penney Life Insurance Company,**

        Defendant.

To the above-named defendant(s):

    You are hereby summoned and required to serve upon **ROBERT J. ENGLISH**, Plaintiff's attorney, whose address is **706 S. Gay Street, Knoxville, TN 37902**, an answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

    Issued and tested this __24__ day of __MAY__, 2009.

        _Catherine Quist_
        Clerk

        _[signature]_
        Deputy Clerk

### NOTICE

To the defendant(s):

    Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek counsel of a lawyer.

### SERVICE INFORMATION

To the process server:

Defendant:    **STONEBRIDGE LIFE INSURANCE COMPANY**
        (To be served through the TENNESSEE COMMISSIONER OF INSURANCE)

I received this summons on the ____ day of _____, 20___.
I hereby certify and return that on the ___ day of _____, 20___, I:
( ) served this summons and a complaint on defendant _____ in the following manner:

_____

( ) failed to serve this summons within 30 days after its issuance because:

_____

        Process Server


EXHIBIT Collective A

IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

**CATHERINE MENDENHALL ARMS**
7520 Dan McBee Road
Corryton, TN 37721

    Plaintiff,

VS.

NO: 2253-10

JURY DEMAND

**STONEBRIDGE LIFE INSURANCE COMPANY** (Successor to JC Penney Life Insurance Company),

    Defendant.

## COMPLAINT

Comes now the plaintiff who represents:

1. The plaintiff is a citizen and resident of the County of Knox, State of Tennessee. The defendant is a life insurance company qualified to do business in the State of Tennessee, and it may be personally served with process through the Tennessee Commissioner of Insurance at: 2700 W. Plano Parkway, Plano, Texas 75075.

2. The plaintiff is the surviving widow of the decedent, Donald Raymond Arms, Jr., who died by accidental means in Knox County, Tennessee on the 30th day of June, 2009 following an event which occurred on June 5, 2009. At the time of the accident, the decedent was being transported by means of public transportation in an ambulance within the meaning of the defendant's policy of insurance.

3. The mechanism of said accident was that the ambulance ran off the road and struck a tree, totally demolishing the ambulance. The decedent was severely injured in said wreck and suffered a left femur fracture, four fractured ribs, pulmonary contusions and other injuries. Decedent was in and out of Intensive Care Units due to his injuries when he developed an upper GI bleed on June 26, 2009. The necessitated an exploratory laporotomy performed on June 30, 2009 to stop the bleeding. The surgery revealed that the deceased had approximately 2.5 liters of clot and blood in his stomach. The bleeding could not be stopped and the decedent bled to death. Decedent died on June 30, 2009 due to hemoperitoneum (blood in the stomach).

4. At all times material to this complaint, the deceased was covered under an accidental death policy originally issued by JC Penney Life Insurance Company and being known and designated as Accidental Death Certificate # 74A7065226. JC Penney Life Insurance Company changed its name to Stonebridge Life Insurance Company on May 17, 2002. This certificate was in full force and effect at the time of the death of the insured, Donald Raymond Arms, Jr. The plaintiff is the certificate holder and the beneficiary under this policy of insurance.

5. The Schedule of Insurance covering the decedent at the time of his injury, and subsequent death, provides for Part I coverage under the "public transportation" schedule for payment in the amount of $250,000.00. The plaintiff duly filed an appropriate and timely proof of claim under the policy issued by the defendant. On or about April 22, 2010 the defendant unfairly denied her claim stating that she was entitled to nothing under their policy of insurance. More particularly, the defendant refused to pay claiming that decedent's injury and subsequent death "was not due to an accidental bodily injury directly and independently of all other causes..."

6. The plaintiff alleges and claims that such denial is contrary to the terms of the policy of insurance issued by the defendant and paid for by the plaintiff and her spouse since March 10, 1989 and which was in full force and effect at the time of the insured event, the death of Donald Ray Arms, Jr. on June 30, 2009. The insured event occurred within the express terms and conditions of the insurance policy issued by the defendant and maintained by the plaintiff, and she is entitled to judgment for the proceeds thereof.

7. The plaintiff further alleges and claims that she is entitled to relief pursuant to the provisions of T.C.A. 47-18-101 known as the Tennessee Consumer Protection Act of 1977 as codified in Title 47, Chapter 18 of the Tennessee Code Annotated, specific reference to which is hereby made. In particular, the plaintiff says that she is a "consumer" within the meaning of T.C.A. 47-18-103 (2) and that the defendant is engaged in "trade" or "commerce" or "consumer transactions" within the meaning of T.C.A. 47-18-103(11).

8. The defendant has engaged in unfair or deceptive acts or practices affecting the conduct of [any] trade or commerce prohibited by T.C.A. 47-18-104(a) and related sections of the Tennessee Consumer Protection Act of 1977 by offering for sale to the consuming public accidental death insurance policies without adequately explaining the exclusions an/or limitations of coverage to the public through their policy, educational supplements, advertisements or any other method of notification to the public. This insurance company defendant has engaged in an unfair act in the conduct of trade or commerce by denying the plaintiffs claim and thus causing the necessity of this litigation and the resulting fees and costs although the underlying facts require prompt and timely payment thereof. The defendant has likewise engaged in an unfair and deceptive

act by offering for sale to the plaintiff and to the general public a policy of insurance advertised to insure against "ACCIDENTS" without advising of any qualifying or exclusionary language in their advertisements or offerings to the public.

9. The plaintiff [and her husband] are elderly persons within the meaning of T.C.A. 47-18-125 and she is entitled to the civil penalty called for by said legislation.

10. The plaintiff brings this private right of action according to the provisions of T.C.A. 47-18-109 and invokes the rights and remedies set forth thereunder, inclusive of the award of treble damages, attorney fees and court costs. The plaintiff is also entitled to pre-judgment interest.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

a) That the defendant be served with process through the Tennessee Commissioner of Insurance, and that they be required to answer this complaint within the time required by law;

b) That the plaintiff be awarded judgment of the defendant in the amount of $250,000.00 and the costs;

c) That upon a finding that the defendant engaged in unfair or deceptive acts or practices affecting the conduct of any trade or commerce that she be awarded judgment in the amount of $250,000.00;

d) Upon the further findings set forth in T.C.A. 47-18-109(4), that the judgment be trebled and the plaintiff be awarded judgment of the defendant in the amount of $750,000.00;

d) That the plaintiff be awarded her costs and attorney fees pursuant to T.C.A. 47-18-109(e)(1);

e) That the plaintiff be awarded the civil penalty set forth by T.C.A. 47-18-125 in the amount of $10,000.00;

e) That the plaintiff be awarded pre-judgment interest upon all of the foregoing judgments;

f) That the defendant be taxed with all of the costs, inclusive of discretionary costs;

g) THAT A JURY BE EMPANELED TO HEAR THIS CAUSE.

CATHERINE MENDENHALL ARMS

_____
Robert J. English, BPR 1038
Attorney for Plaintiff
706 S. Gay Street
Knoxville, TN 37902
(865) 546-6500

## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

**CATHERINE MENDENHALL ARMS**

    **Plaintiff,**

**vs.**

**STONEBRIDGE LIFE INSURANCE COMPANY**

    **Defendant.**

FILED

2010 MAY 24 P 1:27

No. 2-253-10

CATHERINE F. QUIST
CIRCUIT COURT CLERK

### COST BOND

I, CATHERINE MENDENHALL ARMS as Principal(s) and Robert J. English as Surety are held and firmly bound unto the Circuit Court Clerk of Knox County, Tennessee for the payment of all costs awarded against the principal. To that end, we bind ourselves, our heirs, executors and administrators.

The Principal(s) is/are commencing legal proceeding in the Circuit Court of Knox County, Tennessee. If the Principal(s) shall pay all costs which are adjudged against them then this obligation is void. If the Principal(s) fail to pay then the surety shall undertake to pay all costs adjudged against the Principal(s). Mandated at T.C.A. §20-12-120 et seq.

### PRINCIPAL(S)

| | |
|---|---|
| CATHERINE MENDENHALL ARMS | |
| Principal | Principal |
| 7520 Dan McBee Road, Corryton, TN 37721 | |
| Address | Address |
| | |
| Employer | Employer |
| | |
| Employer's Address | Employer's Address |

### SURETY

ROBERT J. ENGLISH, Attorney

SURETY
706 S. Gay Street, Knoxville, TN 37902

*[signature]*

SIGNATURE OF SURETY      Address